IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABNOTE USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRAVEL TAGS, INC., <br><br> Defendant. | Civil Action No.: <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff, ABnote USA, Inc. ("ABnote"), files this Complaint against Defendant, Travel Tags, Inc. ("Travel Tags") pursuant to the patent laws of the United States, 35 U.S.C. §§ 100 *et. seq.*, alleging:

## PARTIES AND BACKGROUND

1. ABnote is a Massachusetts corporation, having a principal place of business at 225 Rivermoor Street, Boston, MA 02132.

2. On information and belief, Travel Tags is a Minnesota corporation, having a principal place of business at 1730 James Drive, North Mankato, MN 56003.  Travel Tags makes, imports into the United States, sells, offers to sell and/or uses gift cards, reward cards, loyalty cards and membership cards.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Travel Tags is subject to personal jurisdiction in the District of Massachusetts consistent with the principles of due process and the Massachusetts Long-Arm Statute because Travel Tags has offered its products for sale in this District, has transacted business in this District, has committed and/or induced acts of patent infringement in this District, and/or has placed its products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

6. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,588,658

7. The allegations of paragraphs 1 – 6 are restated and re-alleged as though fully set forth herein.

8. ABnote is the owner of all right, title, and interest in United States Patent No. 6,588,658 ("the '658 patent"), issued July 8, 2003, entitled "Transaction Card with Attached Auxiliary Member." A copy of the '658 patent is attached to this Complaint as Exhibit A.

9. On information and belief, Travel Tags has infringed and continues to infringe, literally or under the doctrine of equivalents, the '658 patent by making, using, importing, offering to sell, and/or selling products or processes that practice one or more inventions claimed in the '658 patent, as well as infringing by knowingly, actively and intentionally inducing others to infringe the '658 patent, including but not limited to customers, and/or by contributing to the infringement of the '658 patent by others, including but not limited to customers. There are no substantial non-infringing uses for Travel Tags's infringing products.

10. On information and belief, at all relevant times and at least since the date of the filing of this lawsuit, Travel Tags has had actual notice of the '658 patent, and has had actual notice

and knowledge that the conduct of others, including but not limited to Travel Tags's customers, directly infringed the claims of the '658 patent.

11. On information and belief, Travel Tags has had actual notice of the '658 patent for many years.

12. Travel Tags's infringement of the '658 patent has been and remains willful and deliberate.

13. Travel Tags's activities have been without ABnote's authorization.

14. Travel Tags has profited through its infringement of the '658 patent.

15. As a result of Travel Tags's infringement, ABnote has been damaged and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, ABnote prays for the following relief:

(a) That the Court enter judgment that Travel Tags has infringed the '658 patent under 35 U.S.C. § 271 *et seq*;

(b) That the Court order Travel Tags to provide to ABnote an accounting of all gains, profits, and advantages gained by Travel Tags as a result of its infringement of the '658 patent, and that ABnote be awarded adequate damages to compensate for the wrongful infringing acts by Travel Tags, in accordance with 35 U.S.C. § 284;

(c) That the Court enter judgment that Travel Tags's infringement of the '658 patent has been willful and deliberate;

(d) That the Court award treble damages and pre-judgment interest as a result of Travel Tags's willful and deliberate infringement of the '658 patent, pursuant to 35 U.S.C. § 284;

3134481.2

(e) That the Court enter judgment that this case is exceptional and award ABnote its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285.

(f) That Travel Tags, its officers, agents, servants, and employees be permanently enjoined pursuant to 35 U.S.C. § 283 from further acts of infringement; and

(g) For such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ABnote demands a trial by jury on all issues so triable.

Respectfully submitted,

ABNOTE USA, INC.,

By its attorneys,

Dated:  June 17, 2013
/s/ Michael A. Albert
Michael A. Albert (BBO # 558566)
malbert@wolfgreenfield.com
Robert Abrahamsen (BBO # 636635)
rabrahamsen@wolfgreenfield.com
Elizabeth A. DiMarco (BBO # 681921)
edimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA  02210
(617) 646-8000
*Attorneys for Plaintiff*

Of Counsel:
Gene M. Bauer
General Counsel
American Banknote Corporation
225 Rivermoor Street
Boston MA 02132
(617)327-1235

3134481.2